# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

2012-1274

PUBLIC PATENT FOUNDATION, INC.,

            Plaintiff-Appellant,

v.

MCNEIL-PPC, INC.,

            Defendant-Appellee,

v.

UNITED STATES,

            Intervenor-Appellee.

Appeal from the United States District Court for the Southern District of New York in case no. 09-CV-5471, Judge Katherine B. Forrest.

_____

**McNEIL-PPC, INC.'S OPPOSITION TO MOTION FOR SUMMARY AFFIRMANCE**

_____

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................ ii

INTRODUCTION ..............................................................................................1

ARGUMENT .....................................................................................................2

CONCLUSION ..................................................................................................5

CERTIFICATE OF INTEREST ........................................................................6

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Beer v. United States*,
   131 S.Ct. 2865 (2011) .................................................................................... 4

*Forest Group, Inc. v. Bon Tool Co.*,
   590 F.3d 1295 (Fed. Cir. 2009) ..................................................................... 4

*Joshua v. United States*,
   17 F.3d 378 (Fed. Cir. 1994) ......................................................................... 2

*N.Y. Cent. R.R. Co. v. White*,
   243 U.S. 188 (1917) ...................................................................................... 3

*Rogers v. Tristar Products, Inc.*,
   2011-1494, -1495, 2012 U.S. App. LEXIS 8980 (Fed. Cir. May 2,
   2012) ....................................................................................................passim

**STATUTES**

35 U.S.C. § 292 ................................................................................................ 2, 3

**OTHER AUTHORITIES**

FED. CIR. R. 32.1(e) ............................................................................................. 1

FED. CIR. R. 36 .................................................................................................... 1

FED. R. APP. P. 35(a)(2) ...................................................................................... 1

FED. R. APP. P. 35(e) ........................................................................................... 1

Defendant-Appellee McNeil-PPC, Inc. ("McNeil") hereby responds to the motion of Plaintiff-Appellant Public Patent Foundation, Inc. for Summary Affirmance.

## INTRODUCTION

Appellant's May 21, 2012 submission makes three requests of the Court:

(1) reissue the Court's nonprecedential order in *Rogers v. Tristar Products, Inc.*, 2011-1494, -1495, 2012 U.S. App. LEXIS 8980 (Fed. Cir. May 2, 2012), as precedential pursuant to FED. CIR. R. 32.1(e);

(2) designate this case for initial hearing en banc pursuant to FED. R. APP. P. 35(a)(2), because it supposedly involves a "question of exceptional importance"; and/or

(3) enter a judgment of affirmance without opinion ("summary affirmance") pursuant to FED. CIR. R. 36.

McNeil takes no position on Appellant's request for reissuance of *Rogers* as a precedential order, and the Federal Rules of Appellate procedure prohibit McNeil from responding to Appellant's request for hearing en banc unless ordered to do so by this Court. *See* FED. R. APP. P. 35(e). McNeil submits this response for the purpose of opposing Appellant's alternative request for summary affirmance.

# ARGUMENT

As Appellant points out in its motion, "summary disposition is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *See* Motion ¶ 14 (quoting *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994)). If this were the only relevant consideration, then summary affirmance would be entirely proper, for there is no *bona fide* basis to disturb the District Court's decision in this case.

Appellant asserts that the "retroactive" application to pending cases of recent amendments to the false patent marking statute, 35 U.S.C. § 292, which removed *qui tam* standing and required that such actions be brought only by persons who have suffered competitive injury, violates the Due Process Clause of the Fifth Amendment. As this Court held in *Rogers*, Congress's decision to make the statute's new standing requirements applicable to pending cases was neither irrational nor a due process violation. Affirmance of the decision below should therefore be a straightforward matter.

Summary affirmance is nonetheless inappropriate in this instance for two distinct, but related reasons. First, Appellant seeks summary affirmance for the stated purpose of asking the U.S. Supreme Court to overturn this Court's ruling. Summary affirmance, however, is not a device to bypass Federal Circuit

consideration of a case, a necessary step for proper Supreme Court review. A petition for certiorari should be based upon a reasoned decision by this Court, not a nonprecedential summary order. Appellant cites no authority – and we know of none – that supports a request for summary affirmance in these circumstances.

Second, apart from the fact that Appellant no longer has standing (and that there is no constitutional infirmity in the retroactive application of the statute's new standing requirements to pending cases), the decision below may be affirmed on the additional ground that the recent amendments to the false marking statute altered the substantive law, such that marking products with expired patents is no longer a statutory violation. *See* 35 U.S.C. § 292(c). Appellant's claims in this case concern only expired patent markings. Accordingly, Appellant could not prove a *substantive* violation of the statute, even if it still had standing to bring a claim. Appellant does not address this issue in its motion, and it is unclear whether Appellant plans to argue that application of this substantive change in the false marking law to pending actions is a Due Process violation.[1]

This substantive change in the law would require that the Supreme Court would have to confront – for the first time on appeal – the question whether the judgment below should be affirmed on this alternative ground. The likely

---

[1] Any such argument would be frivolous. *See Rogers*, Order at 4 ("no litigant is entitled to insist that a law that prevailed at the time the case began shall remain unchanged solely for his or her benefit") (citing *N.Y. Cent. R.R. Co. v. White*, 243 U.S. 188, 198 (1917)).

result would be an order of remand so that this Court, which did not address this issue in *Rogers*, could consider it prior to Supreme Court review. *See Beer v. United States*, 131 S.Ct. 2865, 2865-66 (2011) (remanding case to this Court and noting that the "Court considers it important that there be a decision on" a question not addressed below, "rather than that an answer be deemed unnecessary in light of" another dispositive issue). Such a remand would only add to the burden and expense of what is already a pointless appeal.

Indeed, Appellant raises in its motion another issue that this Court supposedly did not address in *Rogers*, and presumably would need to be considered *de novo* by the Supreme Court were this Court to summarily affirm: whether it is constitutional to apply the new standing requirements to false marking actions filed prior to the decision in *Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295 (Fed. Cir. 2009). Appellant's suggestion that the filing date of this (or any) action somehow impacts this analysis is based on a fundamental misreading of *Rogers*, which held that "[b]y making the False Marking Act amendments retroactive, Congress was in significant part attempting to reduce the litigation expenditures in the large number of complaints filed, but not yet subject to a final judgment." *Rogers* at 6. Nowhere in *Rogers* did this Court purport to limit its comments about complaints "not yet subject to final judgment" to those that post-date *Forest Group*. However, if Appellant plans to argue that the filing date of this

case somehow distinguishes it from *Rogers*, then it should present that theory initially to this Court – not to the Supreme Court in a petition for review of an order of summary affirmance.

In sum, McNeil would like nothing more than to see this groundless appeal brought to an efficient and expeditious resolution. However, the approach that Appellant proposes – to bypass this Court's consideration of the issues and proceed straight to the Supreme Court on an order of summary affirmance – is both unprecedented and improper.

## CONCLUSION

For the foregoing reasons, McNeil respectfully requests that, given the unique circumstances presented, Appellant's request for summary affirmance be denied. As noted at the outset, McNeil takes no position on Appellant's request that *Rogers* be reissued as a precedential order. McNeil will respond to Appellant's request for hearing en banc only if requested to do so by this Court.

Dated: May 30, 2012

/s/ Steven A. Zalesin
Steven A. Zalesin
Irena Royzman
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2000
Fax: (212) 336-2222
*Attorneys for Defendant-Appellee McNeil-PPC, Inc.*

# CERTIFICATE OF INTEREST

Counsel for defendant-appellee McNeil-PPC, Inc. hereby certifies as follows:

1. The full name of every party or amicus represented by me: McNeil-PPC, Inc.

2. The name of the real party in interest (if the party named in the caption is not the real party in interest): McNeil-PPC, Inc. is the real party in interest.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus represented by me: Johnson & Johnson owns 10% or more of the stock of McNeil-PPC, Inc.

4. The names of all law firms and the partners or associates that appeared for the party or amicus represented by me in the trial court or agency or are expected to appear in this Court:

> PATTERSON BELKNAP WEBB & TYLER LLP: Steven A. Zalesin, Irena Royzman, Michelle Waller Cohen, Joseph Richie, Ryan Sirianni
>
> Formerly of PATTERSON BELKNAP WEBB & TYLER LLP: Leonard Braman

| | |
|---|---|
| Dated: May 30, 2012 | /s/ Steven A. Zalesin |
| | Steven A. Zalesin |
| | PATTERSON BELKNAP WEBB & TYLER LLP |
| | 1133 Avenue of the Americas |
| | New York, NY 10036 |
| | Tel: (212) 336-2000 |
| | E-mail: sazalesin@pbwt.com |

# CERTIFICATE OF SERVICE

I, Steven A. Zalesin, hereby certify that on May 30, 2012, I served a copy of the forgoing and all accompanying documents to be served on the following counsel by ECF, e-mail, and First Class Mail:

>Daniel B. Ravicher
>David Garrod
>Public Patent Foundation, Inc.
>Benjamin N. Cardozo School of Law
>55 Fifth Avenue
>New York, NY 10003
>Tel: (212) 790-0442

*Counsel for Plaintiff-Appellant Public Patent Foundation, Inc.*

>Scott R. McIntosh
>Adam C. Jed
>U.S. Department of Justice
>Civil Division, Appellate Staff
>950 Pennsylvania Ave NW, Rm 7240
>Washington, D.C. 20530

*Counsel for Intervenor-Appellee, United States*

>/s/ Steven A. Zalesin
>*Counsel for Defendant-Appellee*